UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSANNE KELSCH, | ) |
| | ) No. CV-06-0330-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION TO DISMISS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT is Defendant's Motion to Dismiss, filed January 24, 2007, and served electronically on counsel for Plaintiff.  On February 12, 2007, Defendant filed and served electronically a Notice of Hearing set for March 2, 2007, without oral argument. (Ct. Rec. 6, 9.) Attorney Lana Cece Glenn represents Plaintiff; Special Assistant United States Attorney Richard A. Morris represents Defendant.  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 5.)

On March 5, 2007, the court directed Plaintiff to show cause why the captioned matter should not be dismissed; a response was due by March 12, 2007.  Plaintiff has not responded.

Defendant moves to dismiss the captioned matter, noting the court has no jurisdiction pursuant to 42 U.S.C. § 405(g) to consider the matter because Plaintiff did not exhaust administrative appeals remedies, and a "final decision" was not obtained. (Ct. Rec. 7 at

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

8.)   Plaintiff filed an application for disability insurance benefits; her application was denied initially and on reconsideration.   Plaintiff was informed by Notice of Reconsideration, dated April 2, 2005, that she could appeal and request a hearing within 60 days form the date of that notice. (Ct. Rec. 11 at 5.)   Plaintiff filed a request for hearing on July 14, 2005. (Id. at 7.)   On July 29, 2005, an administrative law judge (ALJ) issued an Order to show cause, stating Plaintiff's hearing request was 38 days late.   The ALJ allowed Plaintiff to show cause for the untimely filing.   (Id. at 11.)   On August 4, 2005, Plaintiff's attorney submitted a good cause statement for the late filing, indicating Plaintiff thought the filing was timely. Plaintiff's statement was supported by a copy of an undated Notice of Disapproved Claim.  (Id. at 12.)   The ALJ found no good cause to extend the time limit, noting that the submitted Notice was the initial denial notice which informed Plaintiff of her right to seek reconsideration (which Plaintiff had done).   The ALJ noted the file included the Notice of the Reconsideration informing Plaintiff of her right to appeal was sent on April 2, 2005.  She determined good cause did not exist for the late filing.  (Id. at 19-22.)   On October 6, 2006, the Appeals Council denied Plaintiff's requested review of the ALJ's dismissal and informed Plaintiff that the ALJ's dismissal was not a "final decision of the Commissioner."  Thus, the Appeals Council informed Plaintiff there was no right to file a civil action in federal court.   (Id. at 25, 32.)   This appeal followed.

A claimant's failure to pursue and exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the

district court of jurisdiction. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Ensey v. Richardson*, 469 F.2d 664, 666 (9th Cir. 1972). Section 405(g) provides a civil action may be brought only after (1) the claimant has been party to a hearing held by the Commissioner, and (2) the Commissioner has made a final decision on the claim. Absent a final decision from the ALJ following an administrative hearing, the exhaustion requirement that is a prerequisite to district court jurisdiction is not met, and judicial review is not available. *Heckler*, 466 U.S. at 617; *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The term "final decision" is undefined in the Social Security Act.  The Supreme Court has held the "meaning [of 'final decision'] is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  The Regulations, therefore, specify the requirements for a judicially reviewable "final decision." *Id*.  Under the Commissioner's regulations, the necessary administrative steps for exhaustion are as follows: To obtain a hearing, the claimant must (1) present a claim to the Commissioner and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge within 60 days after the receipt of notice that reconsideration was denied (20 C.F.R. §§ 404.900(a)(3), 404.933).  The decision made following the ALJ hearing does not become the final decision of the Commissioner until the claimant requests review by the Appeals Council, and the Appeals Council either grants or denies review.  20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981.  Here, Plaintiff did not timely

request an ALJ hearing as required by the Regulations. 20 C.F.R. § 404.933 (b)(1).  This precluded her from obtaining the required hearing before an ALJ and exhausting the procedures set forth in the Act.  Therefore, this court is deprived of jurisdiction.  *Heckler*, 466 U.S. at 617.  Accordingly,

**IT IS ORDERED:**

1.  Defendant's Motion to Dismiss **(Ct. Rec. 6**) is **GRANTED;** Plaintiff's Complaint and claims are **DISMISSED.**

2.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED March 21, 2007.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE